SINKER, DAVIS & CO. *v.* FLETCHER ET AL.

PROMISSORY NOTE.—*Attorney's Fees.*— An unconditional stipulation, in a promissory note, for the payment of attorney's fees, is valid.

SAME.—*Action against Endorser.*—*Copy of Endorsement.*—*Pleading.*—*Amend-*

*ment.*—*Supreme Court.*—A promissory note and an endorsement thereof are different instruments; and, in an action against an endorser, on his endorsement, the complaint must contain, not only a copy of such endorsement, but also an allegation referring thereto. And, where such an allegation is wanting, the complaint is insufficient, and can not be deemed amended, on appeal to the Supreme Court.

From the Marion Circuit Court.

*A. B. Young* and *E. A. Brown*, for appellant.

*N. B. Taylor*, *F. Rand* and *E. Taylor*, for appellees.

WORDEN, J.—William Watson made a promissory note, payable to the order of Sinker, Davis & Co., payable at a bank in Indianapolis, and Sinker, Davis & Co. endorsed the same to the appellees, in blank.

This was an action by the appellees, against Watson, as the maker, and against the appellant, as the endorser, of the note. The cause was dismissed by the plaintiffs as to Watson, and proceeded as to Sinker, Davis & Co.

Sinker, Davis & Co. moved to strike out parts of the complaint in reference to attorney's fees, but the motion was overruled, and exception taken.

Sinker, Davis & Co. then filed a demurrer to the complaint, for want of sufficient facts, but the demurrer was overruled, and exception taken. No answer being filed, judgment was entered for the plaintiffs, on the overruling of the demurrer to the complaint.

Error is assigned upon the overruling of the motion to strike out parts of the complaint, and in overruling the demurrer thereto.

The note contained an unconditional promise to pay attorney's fees, and the motion to strike out parts of the complaint was based on the theory that the promise as to attorney's fees was void. We decided that such unconditional promise to pay attorney's fees was valid, in the case of *Churchman* v. *Martin*, 54 Ind. 380. That decision has been since followed, and we adhere to it. There was no error in overruling the motion to strike out.

We come to the demurrer to the complaint. The com-

plaint does not profess to set out a copy of the endorse-
ment. Nothing whatever is said therein about a copy of
the endorsement. It does profess to set out a copy of the
note. The language of the complaint is: "Said Wat-
son, by his note, a copy of which is filed herewith as part
hereof, promised," etc.

A copy of the note is filed, and this is followed by what
purports to be a copy of the endorsement of Sinker,
Davis & Co.

The action against Sinker, Davis & Co. is founded upon
the endorsement; and the question arises whether the
complaint is good where a copy of the endorsement is
thus filed, but the complaint does not profess to file such
copy.

Following the decisions of this court heretofore made,
we must hold such complaint insufficient.

Thus, in *Price* v. *The Grand Rapids, etc., R. R. Co.,* 13
Ind. 58, it was said, after quoting the statute on the sub-
ject of filing the original or copies of written instru-
ments on which the pleading is founded:

"This rule seems to be imperative; the original instru-
ment, or a copy, must be filed; and it seems to us that
an averment in the complaint that such has been filed, is
essential to the validity of that pleading."

So, in *Hiatt* v. *Goblt,* 18 Ind. 494, a complaint to fore-
close a mortgage, which did not profess to set out the
original or a copy of the mortgage or notes, was held
bad, although a mortgage and notes were filed with the
complaint.

In the case of *The Peoria, etc., Ins. Co.* v. *Walser,* 22
Ind. 73, 81, it was said:

"It is further settled that, in order that the court may
know that the written instrument is filed with the plead-
ing, as constituting the foundation of the particular ac-
tion, it must be identified by reference to it, and making
it an exhibit in that pleading."

It is claimed by the appellees, as we understand the

brief of counsel, that the endorsement was a part of the note; and, therefore, that when the plaintiffs professed in the complaint to set out a copy of the note, they also professed to set out a copy of the endorsement.

But we are of opinion, that the note and the endorsement were different instruments, conferring different rights and imposing different obligations, though written upon the same paper.

It is also insisted by the appellees, that the complaint ought to be deemed amended, in this court, under the provisions of section 580 of the code. But we can conceive of no case in which a complaint will be deemed amended, in this court, which is so defective as that a demurrer filed to it, for the want of a statement of sufficient facts to constitute a cause of action, should be sustained, where the question here arises upon the correctness of the ruling below on the demurrer.

We are of opinion that the demurrer to the complaint should have been sustained.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.