Johnson *v.* Breedlove, Administrator, *et al.*

No. 7428.

JOHNSON *v.* BREEDLOVE, ADM'R, ET AL.

PROMISSORY NOTE.—*Payment.—Pleading.—Answer to Whole of Complaint.*
—To a complaint by an endorser against the maker, to recover for the
payment by him as such endorser of three promissory notes, an answer
that, before the commencement of the suit, the defendant "fully paid
and satisfied the note herein sued on," is insufficient, because pleaded
to the whole complaint, and setting up matter in bar of but part.

SAME.—*Contract.*—To a complaint by an endorser of a promissory note,
to recover for money paid by him as such endorser, an answer that
plaintiff had been fully paid by moneys received from the estate of a
deceased maker of the note, rents from a mill belonging to said estate,
and other sources, is bad, if it does not aver that such moneys were re-
ceived by the plaintiff under circumstances which made him indebted ·
to the estate therefor, and that it had been agreed that such indebted-
ness of plaintiff to the estate should operate as a payment, *pro tanto,*
of the money sued for in the complaint.

PLEADING.—*Practice.—Defects in Complaint.*—Where a demurrer for want.
of sufficient facts has been erroneously overruled, and exception duly
reserved, the defect in the pleading demurred to can not be aided by
section 580 of the code.   2 R. S. 1876, p. 246.

From the Marion Superior Court.

*T. E. Johnson, H. W. Harrington* and *A. G. Howe,* for
appellant.

*C. P. Jacobs,* for appellees.

WORDEN, J.—This action was brought by Thomas E.
Johnson against Thomas J. Breedlove, administrator of the.
estate of Benjamin F. Johnson, deceased, Jesse B. Johnson,.
James M. Bradshaw and William H. Henschen.

The facts alleged in the complaint are, in substance, that,
on July 3d, 1873, Benjamin F. Johnson, then in life, and
Jesse B. Johnson made their promissory note, payable to
the order of William H. Henschen, at a named bank at In-
dianapolis, sixty days from date, for the sum of $300. This
note was endorsed by the payee, Henschen, followed by the
appellants Thomas E. Johnson and James M. Bradshaw.
When the note became due, neither the makers nor the

other endorsers paid the same, or any part of it. There-upon the plaintiff paid $100 of the principal of the note and the interest due ; and for the residue thereof, and in renewal of said note to the amount of $200, said Jesse B. Johnson executed a like note for $200, which was endorsed in like manner as the first. When the note thus given in renewal became due, neither the maker nor other endorsers paying the same, the plaintiff paid $100 upon it and the interest due, and, in renewal of the residue, said Jesse B. Johnson executed another like note for the sum of $100, which was endorsed in like manner as the two others. When the last mentioned note became due, neither the 'maker nor other endorsers paying the same, the plaintiff paid it in full and took it up. Neither the maker nor endorsers have paid the plaintiff anything on account of the notes, though the amount is due and unpaid. Copies of the notes and en-dorsements are set out.

To this complaint Jesse B. Johnson answered, first, by general denial, and, second, as follows : "That, prior to the commencement of this action he fully paid and satisfied the note herein sued on." A demurrer to the second paragraph, above set out, for want of sufficient facts, was overruled and exception taken.

Jesse B. Johnson afterward filed a third paragraph of an-swer, as follows : "The defendant Jesse B. Johnson, for a third paragraph of answer, says that all the notes mentioned in the plaintiff's complaint were executed for the sole benefit, of Benjamin F. Johnson, who was a maker thereon ; that this defendant signed said note solely as a surety for said Ben-. jamin F. Johnson, and in no other way whatever, as the plain-tiff well knew at the time. And this defendant says that plaintiff has been fully paid and satisfied for the amounts he has paid on said notes by moneys he has received from the estate of said Benjamin F. Johnson, rents from a mill

belonging to said estate, and other sources; that there is nothing due plaintiff at all for the moneys so paid, as alleged by him, he having been fully paid, as aforesaid."

A demurrer for want of sufficient facts to this paragraph of answer was overruled, and exception taken. Issues were joined and the cause submitted to the court for trial, resulting in a finding and judgment for the defendants. Judgment at special term affirmed on appeal to general term. Error was assigned at general term, among other things, on the rulings upon the demurrers to the second and third paragraphs of the answer of Jesse B. Johnson, and the proper assignment of error is made here.

The second paragraph of answer was bad, and the demurrer to it should have been sustained. The complaint set out three notes executed by the defendant pleading, indorsed by the plaintiff, on which the latter had paid money as such endorser. The paragraph of answer alleged that the defendant had paid one of them, but which of them is not specified. The paragraph is open to the objection that it is pleaded in bar of the whole action; whereas it sets up matter that at most can bar a part only. It is also uncertain which note the defendant paid. Perhaps the latter objection should have been reached by a motion. But the objection that the paragraph, being pleaded to the whole complaint, sets up matter that can bar a part only, is fatal on demurrer. This point has been decided so often that no reference need be made to authorities.

The third paragraph of answer is also bad, and the demurrer to it should have been sustained. It is not a good answer of payment, although it alleges that "the plaintiff has been fully paid," etc., "by moneys he has received from the estate of said Benjamin F. Johnson, rents from a mill belonging to said estate, and other sources."

The statement that the plaintiff has been paid must be taken as qualified by the manner in which the payment is

alleged to have been made ; and if the supposed payment, in the manner alleged, does not amount to a payment, then there is no valid allegation of payment.

If the money which the plaintiff received from the estate of Benjamin F. Johnson was not received under circumstances that would render him liable to the estate for it, a matter that does not appear by the answer, then there could be no pretence that the receipt of it could operate as payment of the claim sued on.    If, on the other hand, the money received by the plaintiff was received under circumstances that would render him liable to the estate for it, then he became indebted to the estate for the amount. But, in order to make the indebtedness of the plaintiff to the estate operate as a payment of the money sued for in this action, it must have been so agreed and understood between the plaintiff and the administrator of the estate of the deceased, so as to discharge the plaintiff from his indebtedness to the estate *pro tanto*, for the money thus received by him.

There is nothing in the answer to show that there was any agreement to apply the supposed indebtedness of the plaintiff to the estate to the payment of the claim sued for, or that the plaintiff has been discharged from his assumed indebtedness to the estate.

Nor do we think the paragraph can be upheld as an answer of set-off.    It has none of the elements of a set-off, and is not pleaded as such.    It is pleaded as payment and satisfaction, and nothing else.    It is accompanied by no bill of particulars, nor does it allege any matter against the plaintiff, "arising out of a debt, duty or contract ;" for, as before observed, it does not show the circumstances under which, or the purposes for which, the plaintiff received the money from the estate, nor is it alleged that the plaintiff is indebted to the estate for it.

The judgment below at general term is reversed, with

costs, and the cause remanded for further proceedings in accordance with this opinion.

## ON PETITION FOR A REHEARING.

WORDEN, J.—In this case a petition for a rehearing has been filed; but, upon again looking through the case, we find no reason to change the conclusion formerly arrived at.

The counsel for the petitioner says, in the petition: "The opinion only professes to deal with two defects in the form of the answers: a letter 's' is wanting in one paragraph, and a few words in the other. The section referred to, as I understand it, covers such defects as these. It says: 'No judgment shall be stayed or reversed, * * * by the Supreme Court for any defect in form, variance or imperfections* in the record, *pleadings*,' etc., 'which by law might have been amended by the court below.' 2 R. S. 1876, 246, sec. 580."

It seems to us to be quite clear that where a demurrer for want of sufficient facts, either to a complaint or answer, has been erroneously overruled, and exception duly preserved, the defect in the pleading demurred to can not be aided by section 580 of the code.

That section was urged upon our consideration to aid a defective complaint, in the case of *Sinker, Davis & Co.* v. *Fletcher*, 61 Ind. 276. That was a suit upon the endorsement of a note, and the objection to the complaint, to which a demurrer for want of sufficient facts was overruled, was that, though in point of fact a copy of the endorsement was filed with the complaint, it did not profess to file such copy. This court said: "It is also insisted by the appellees, that the complaint ought to be deemed amended, in this court, under the provisions of section 580 of the code. But we can conceive of no case in which a complaint will be deemed amended, in this court, which is so defective as that a de-

murrer filed to it, for the want of a statement of sufficient facts to constitute a cause of action, should be sustained, where the question here arises upon the correctness of the ruling below on the demurrer." To the same effect is the case of *Utica Township, etc.*, v. *Miller*, 62 Ind. 230.

In *Fridlle* v. *Crane*, 68 Ind. 583, a suit was brought upon a note, the complaint being defective in not alleging that the note was unpaid. A demurrer to the complaint for want of sufficient facts was overruled. The judgment below in favor of the plaintiffs was reversed for this defect in the complaint, and on petition for a rehearing this court, by NIBLACK, J., said:

"The appellee has filed a petition for a rehearing in this case upon the grounds:

"First. That the defect in the complaint was one which might have been supplied by amendment upon the trial, and hence it was a defect which this court ought to have considered as having been supplied by amendment.

"Second. That the defect in the complaint was supplied by the evidence, thus curing the defect and making the finding and judgment right upon the evidence.

"Third. That as the defect in the complaint was only of a formal and technical character, and as the judgment was right on the merits, there was no sufficient reason for recovering the judgment.

"Sections 99, 101 and 580 of the code are cited to sustain these positions. Other authorities are also cited for the same purpose. But it must be borne in mind that the question first presented in this case was not one of variance between the complaint and the evidence and the supposed consequent right of amendment upon the trial. Nor was it whether the defect in the complaint was one which would have been caused by the finding, if there had been no demurrer raising the question of the defect. Neither was it whether the judgment was right on the merits. It was simply, was the complaint sufficient upon demurrer?

"For reasons given in the opinion, we had to decide, reluctantly we admit, that the complaint was, in legal contemplation, materially defective. A complaint, bad upon demurrer for want of sufficient facts, can not be deemed amended in this court."

It can make no difference in principle whether the defective pleading, erroneously held to be good on demurrer for want of facts, was a complaint or an answer. In either case, when the question presented here involves the correctness of the ruling on the demurrer, we can not regard the defective pleading as amended.

The counsel for the petitioner has cited the following cases, in which section 580 of the code has been invoked in order to the affirmance of judgments. But they are all in entire harmony with the decision in this case and those hereinbefore noticed. In none of them has it been held that an erroneous ruling on a demurrer will be cured, or that the defective pleading demurred to will be deemed amended, by section 580, where the question presented here involves the correctness of the decision on the demurrer. *Scott* v. *Zartman*, 61 Ind. 328 ; *Coan* v. *Grimes*, 63 Ind. 21 ; *Wiles* v. *Lambert*, 66 Ind. 494 ; *Williams* v. *Wilbur*, 67 Ind. 42 ; *Davis* v. *Doherty*, 69 Ind. 11 ; *Child* v. *Swain*, 69 Ind. 230.

The petition for a rehearing is overruled.