No. 8947.

ROGERS ET AL. *v.* THE STATE, EX REL. COX ET AL.

PLEADING.—*Bond.*—*Exhibits.*—In a suit upon a bond, where the complaint does not aver that a copy of the bond is filed therewith, but there is an-nexed to it, under the heading "Copy of bond," an instrument in the form of a bond executed by the defendants, and such as is described generally in the complaint, a demurrer should be sustained.

From the Monroe Circuit Court.

*J. W. Buskirk, H. C. Duncan, J. H. Louden* and *R. W. Miers,* for appellants.

*J. F. Pittman, J. B. Mulky, R. A. Fulk, G. W. Friedley* and *E. D. Pearson,* for appellees.

BICKNELL, C. C.—This was originally a suit by the appellees, as widow and heirs of David Rogers, against James H. Rogers and Aquilla Rogers, on a bond given by James H. Rogers, as commissioner in a partition suit, to sell the real estate of which said David Rogers died seized, and which had descended to the appellees.

The widow, Lucinda, had become the wife of Jasper Cox.

After the commencement of this suit, James H. Rogers died; Aquilla Rogers became his administrator and was substituted for him as a defendant.

The amended complaint stated the execution of the bond, by James H. Rogers as principal and Aquilla Rogers as surety, and that James H. sold the land for $6,000, and converted the money to his own use, and was removed by the proper court for failing to pay over the money when duly ordered thereto. The complaint avers a demand for the money from James H. Rogers, and a refusal by him to pay it, and prays for all proper relief.

It avers that a former bond, executed by the same parties, was duly approved by the court, and that a copy thereof is filed with the complaint; that this first bond was for $13,200, and that the land was reappraised and its value fixed at $6,000, and that thereupon said James H. Rogers "executed the bond in suit in the penal sum of $12,000, with Aquilla W. Rogers, in the name of A. W. Rogers, as surety thereon, and under said bond sold said lands for $6,000, and received the purchase-money therefor, which bond was filed with the clerk of said court in said cause."

It is not stated by whom this bond was filed, nor that it was approved, and it is not stated that any copy of this bond is filed with the complaint.

No copy of the first bond appears in the record, but immediately after the copy of the amended complaint, the following appears in the record:

"COPY OF BOND.

"Know all men by these presents, that we, James H. Rog-

Rogers *et al.* v. The State, *ex rel.* Cox *et al.*

ers and A. W. Rogers, are bound unto the State of Indiana in the penal sum of $12,000. Sealed this —— day of December, 1869.

" Whereas said James H. Rogers has been appointed commissioner by the court of common pleas of Monroe county, Indiana, to sell certain lands belonging to Lucinda Cox, James Robinson, Mary S. Robinson, Jonathan L. Rogers and George B. McClellan Rogers, reported by commissioners not to be susceptible of partition without injury thereto to said parties: Now, if the said James H. Rogers shall faithfully discharge his duties in said trust as such commissioner and account for and pay over to the persons and parties entitled thereto the proceeds of the sale of said lands, then this obligation to be void, else to remain in force.

(Signed) " JAMES H. ROGERS,
" A. W. ROGERS."

This copy is not marked as an exhibit; it is not stated to be a copy of the bond sued on ; its heading is simply " Copy of bond," and it is not a copy of the bond sued on ; the bond in suit is set out in the bill of exceptions, and the recital of that bond differs from the recital in this " Copy of bond " by including the name of America Rogers as one of the owners of the lands.

The defendants jointly filed a demurrer to the complaint for want of facts sufficient, etc., and the defendant Aquilla Rogers, for himself individually, filed a like demurrer.

The overruling of these demurrers is assigned as error.

It was held in *The Peoria, etc., Insurance Co.* v. *Walser*, 22 Ind. 73, that " in order that the court may know that the written instrument is filed with the pleading, as constituting the foundation of the particular action, it must be identified by reference to it, and making it an exhibit in that pleading." This language was adopted and re-asserted in *Sinker, Davis & Co.* v. *Fletcher*, 61 Ind. 276. See, also, *Price* v. *The Grand Rapids, etc., R. R. Co.*, 13 Ind. 58 ; *Hiatt* v. *Goblt*, 18 Ind. 494 ; *Cook* v. *Hopkins*, 66 Ind. 208 ; *Ohio, etc., R. W. Co.* v. *Nickless*, 71 Ind. 271 ; *Williams* v. *Osbon*, 75 Ind. 280.

Such a defect might have been cured by amendment in the court below, but after a demurrer this court can not regard it as amended. *Utica Township* v. *Miller*, 62 Ind. 230; *Sinker, Davis & Co.* v. *Fletcher, supra; Johnson* v. *Breedlove*, 72 Ind. 368.

For the error of the court below in overruling the demurrers to the complaint, the judgment ought to be reversed. This result renders it unnecessary to consider the other errors assigned, which may not occur on an amended complaint.

PER CURIAM.—It is therefore ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things reversed, and this cause is remanded, with instructions to the court below to sustain the demurrers to the complaint. `