Davisson *et al. v.* Wilson *et al.*

No. 8929.

DAVISSON ET AL. *v.* WILSON ET AL.

PLEADING.—*Promissory Note.*—*Copy of Endorsement.*—In an action against the endorser of a promissory note, the copy of the endorsement filed must, under the code, be identified by reference thereto in the complaint.

From the Cass Circuit Court.

*T. J. Tuley* and *J. E. Moore*, for appellants.

*A. N. Grant, B. F. Harness, D. P. Baldwin* and *D. D. Dykeman*, for appellees.

HOWK, J.—In this case, the appellees, partners under the firm name of P. Wilson & Sons, sued John W. Davisson and G. W. Emory as makers, and the appellant Walter Hooper as the endorser, of a promissory note. The note was for the sum of $262, was dated September 8th, 1877, and was payable one year after date to the order of said Hooper, at the First National Bank of Kokomo, Indiana. The cause was put at issue and tried by the court; and a finding was made for the appellees, and against the appellant Hooper, for the amount due on the note, and " that the defendants Davisson and Emory are not liable on said note." Over the motion of said Hooper for a new trial, and his exception saved, the court rendered judgment against him for the appellees, in accordance with its finding.

This appeal is prosecuted by Walter Hooper alone, the other defendants below having declined to join therein. He has here assigned as errors the following decisions of the circuit court:

1. In overruling his demurrer to appellees' complaint; and,
2. In overruling his motion for a new trial.

Under the first of these errors, but one objection is suggested to the sufficiency of appellees' complaint; but this objection, it seems to us, must be held fatal to the complaint, in so far as it attempts to state a cause of action against the appellant Walter Hooper. In their complaint, the appellees alleged in substance that Davisson and Emory, on September 8th, 1877, " by their note, a copy of which is filed herewith, made a part hereof and marked ' Exhibit A,' promised to pay Walter Hooper two hundred and sixty dollars, one year after date, with ten per cent. interest from date thereof and attorneys' fees, which plaintiffs allege to be reasonably worth $30; and that said Walter Hooper endorsed said note to plaintiffs

herein; and that said note is now due and unpaid." The appellant Hooper separately demurred to appellees' complaint, upon the ground that it did not state facts sufficient to constitute a cause of action against him; and when the court overruled his demurrer, he duly excepted to such decision.

It will be observed that the appellees do not state in their complaint that a copy of the appellant's endorsement of the note was filed therewith, or made a part thereof. His endorsement of the note was his contract in relation thereto, and, we need hardly say, was in writing, for the word "endorsement" imports a writing. It is true that the copy of the note set out in the record is followed by what purports to be a copy of the endorsement of Walter Hooper; but it will be seen from the complaint, the substance of which we have quoted, that it does not identify this copy of the endorsement, either by reference thereto or in any other manner. Where a writing is the foundation of an action, and a copy thereof is filed, it has always been held, under the code, that such copy must be identified by reference thereto in the complaint. *Price* v. *The Grand Rapids, etc., R. R. Co.,* 13 Ind. 58; *Hiatt* v. *Goblt,* 18 Ind. 494; *The Peoria, etc., Ins. Co.* v. *Walser,* 22 Ind. 73.

The case at bar is very similar to the case of *Sinker, Davis & Co.* v. *Fletcher,* 61 Ind. 276. In that case it was said: "It is claimed by the appellees, as we understand the brief of counsel, that the endorsement was a part of the note; and, therefore, that when the plaintiffs professed in the complaint to set out a copy of the note, they also professed to set out a copy of the endorsement. But we are of opinion, that the note and the endorsement were different instruments, conferring different rights and imposing different obligations, though written upon the same paper."

For the reasons given, we think that the court erred in the case now before us, in overruling the demurrer of the appellant Walter Hooper to appellees' complaint.

2. The only question presented by the second alleged error,

is the sufficiency of the evidence to sustain the finding of the trial court. As the judgment must be reversed for the insufficiency of the complaint, it is unnecessary, and perhaps would be improper, for us to express any opinion in regard to the sufficiency of the evidence. We do not, therefore, consider this question.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the demurrer to the complaint, and for further proceedings in accordance with this opinion.