No. 9760.

## SMITH ET AL. *v.* CLIFFORD.

PLEADING.—*Ditch Assessment.—Copy.*—In an action to recover the amount: of a ditch assessment, the assessment is the foundation of the action, and a copy thereof must be filed with the complaint and identified by a reference thereto in the complaint.

From the Hamilton Circuit Court.

*F. M. Trissal,* for appellants.
*L. O. Clifford,* for appellee.

MORRIS, C.—The appellee sued the appellants to recover the amount of a ditch assessment.

The appellants demurred to the complaint, on the ground that it did not contain facts sufficient to constitute a cause of action. The demurrer was overruled, and they excepted. The error assigned is the overruling of the demurrer.

One of the objections urged to the complaint is that it does not contain a copy of the assessment upon which the action is founded. The appellee insists that the complaint does contain a copy of the assessment.

The assessment is the foundation of the action, and is a: written instrument within the meaning of that provision which requires the written instrument upon which an action is founded,. or a copy of it, to be filed with the complaint. The objection,,

if true, is well taken. The question must be determined by the complaint itself.

Following the prayer of the complaint, and the signature of counsel to it, the record contains a copy of an assessment, agreeing with the assessment described in a general way in the complaint; but there is no averment in the complaint that this or any copy of the assessment is filed with the complaint. Such an averment is necessary to identify the exhibit and make it a part of the pleading.

In the case of *Sinker, Davis & Co.* v. *Fletcher*, 61 Ind. 276, the suit was founded upon the endorsement of a note. The complaint averred that a copy of the note was filed with it, but did not aver that a copy of the endorsement was filed. A copy of the note was filed, followed by a copy of the endorsement. The court held that the copy of the endorsement was not, and could not be regarded as, a part of the complaint. This case is followed by the case of *Davisson* v. *Wilson*, 80 Ind. 391. See, also, *Peoria, etc., Ins. Co.* v. *Walser*, 22 Ind. 73; *Rogers* v. *State, ex rel.*, 78 Ind. 329. These authorities seem conclusive of the question in hearing.

That the assessment is the foundation of the action is not disputed. *Jerrell* v. *Etchison, etc. Association*, 62 Ind. 200, and cases there cited.

It is also insisted by the appellant that the complaint is bad because the petition for the ditch, which is set out in the complaint, contains no sufficient description of the ditch nor of the lands to be affected by its construction. It is not necessary to decide this question, nor do we; but see *Dutch* v. *Boyd*, 81 Ind. 146.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellee.