Landon *et al. v.* White.

Filed April 8, 1885.

---

No. 11,986.

LANDON ET AL. *v.* WHITE.

ASSIGNMENT OF ERROR.—*Clerical Error.*—*Supreme Court.*—A mere clerical mistake in an assignment of error, such as the use of one word for another, will not preclude the Supreme Court from considering and deciding the precise question which was manifestly intended to be presented thereby.

PLEADING.— *Written Instrument.*—*Copy.*—*Demurrer.*—When a pleading is founded on a written instrument, under section 362, R. S. 1881, the original instrument or a copy thereof must be filed with such pleading, or it will be held bad on a demurrer thereto for the want of sufficient facts.

CHATTEL MORTGAGE.—*Foreclosure.*—*Deficiency.*— *Waiver.*—*Payment.*—*Semble,* that a mortgagee of chattels, to secure a personal claim against the mortgagor for any balance of the mortgage debt after the sale of the mortgaged chattels, must foreclose his mortgage and sell such chattels under the decree of court; that, by selling in any other way, he will waive all claim for any such deficiency, and that his taking and retaining possession of such chattels, without foreclosure of his mortgage and sale under the decree, will constitute payment of the mortgage debt.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellants.

*C. V. McAdams,* for appellee.

HOWK, J.—This was a suit by the appellee, as the payee, against the appellants, as the makers, of a promissory note. The cause was put at issue and tried by a jury, and a verdict was returned for the appellee, and over the appellants' motion for a new trial the court rendered judgment on the verdict.

The first error of which complaint is made by the appellants in this court is assigned as follows: " That the Warren Circuit Court erred in sustaining the demurrer to the first paragraph of *appellee's* answer."

After quoting this assignment of error, the appellee's coun-
sel says : " It is at once apparent that no question is presented
by the first assignment of error, as the sustaining of a demur-
rer to a pleading filed by the *appellee* can not be questioned
by the appellant, as it is a ruling in his favor." It would be
very unfair, however, as it seems to us, if we should hold that
no question was presented by the first assignment of error,
upon the ground or for the reason suggested by appellee's
counsel. The use of the word *appellee,* instead of the word
*appellant* in the first assignment of error, is so palpably a mere
clerical error that we would not notice it if appellee's counsel
had not insisted that, because of such clerical misprision, no
question was presented for our decision by the first alleged
error. Mere clerical mistakes, such as the use of one word
for another, where, as in this case, we can not possibly be mis-
taken in regard to which one of two words was intended to
be used in an assignment of error, will not preclude us, in any
case, from considering and deciding the precise question which
the appellant manifestly intended to present thereby. So, in
the case in hand, the mere clerical mistake of appellants'
counsel, in writing the word *appellee's* where they should have
written the word *appellants'* in the first assignment of error,
will not, and certainly ought not, to prevent us from consid-
ering and deciding the precise question which was intended
to be presented thereby, namely, Whether or not the trial
court erred in sustaining the demurrer to the first paragraph
of the *appellants'* answer? And, if such ruling was errone-
ous, whether or not the error is such as authorizes or requires
the reversal of the judgment?

In the first paragraph of their answer, the appellants al-
leged that the sole consideration of the note in suit was the
sale to them by the appellee of one span of horses for the price
of $200, which price was evidenced by such note ; that at the
time of such sale the appellants executed to the appellee, as
required by him, a chattel mortgage on such span of horses
to secure the payment of the aforesaid note ; that such mort-

gage was duly executed and acknowledged on the day of the date and execution of such note, and was duly recorded in the recorder's office of Warren county, wherein the mortgagors then resided, within less than ten days after its execution; that such mortgage provided, among other things, that the mortgagors should retain and have the possession of the mortgaged property until the breach of any of the conditions therein named, on the part of such mortgagors, and that, upon such breach, the mortgagee should have the right to take immediate possession of the mortgaged property wherever it could be found, unconditionally, as and for his own property, forever; that one of the conditions named in such mortgage was that the mortgagors should promptly pay the note in suit at its maturity, and on their failure so to do then the appellee, as mortgagee, should have the right to take immediate and unconditional possession of such property, wherever it might be found, as his own absolutely, forever; that the note was not paid at maturity, and the appellee as the mortgagee, acting under and by virtue of such mortgage, after the note became due, took possession of the mortgaged property and advertised that at a certain time and place such property would be sold at constable's sale, but such advertisement was not signed by any one; that afterwards, and on the day named in such pretended notice, the appellee as mortgagee made a pretended public sale of the mortgaged property to himself, being both the seller and buyer, and had ever since retained the possession of such property, claiming to be the owner thereof by virtue of the rights conferred on him by such mortgage and pretended sale; that the mortgage contained no stipulation empowering the appellee as mortgagee to sell the mortgaged property; and that the debt, evidenced by the note in suit, was fully discharged and satisfied by the aforesaid taking and retaining possession of such mortgaged property by the appellee as mortgagee.     Wherefore, etc.

This paragraph of answer manifestly proceeds upon the theory that a mortgagee of chattels, in order to secure a per-

sonal claim against the mortgagor for any part of the mort-
gage debt which may remain unsatisfied after the sale of the
mortgaged chattels, must foreclose his mortgage in equity
and sell such chattels under the decree of the court; that, by
selling in any other way, he waives all claim for any defi-
ciency, and that the mortgagee's taking and retaining posses-
sion of the mortgaged chattels, without foreclosure of his
mortgage and sale under the decree, will constitute payment
of the mortgage debt.    Such would seem to be law applica-
ble to such a mortgage as the one in the first paragraph of ap-
pellants' answer.    Jones Chat. Mort., sections 711 and 773,.
and cases cited in foot-notes.    We do not find it necessary,.
however, in this case to make any decision touching the merits
of the defence attempted to be stated by the appellants in the
first paragraph of their answer.    It is very clear, we think,
that this paragraph of answer is founded upon the chattel
mortgage described therein.    Under section 362, R. S. 1881,
it was necessary to the sufficiency of the first paragraph of
answer, that the original chattel mortgage, or a copy thereof
should be filed with such paragraph, or that a sufficient excuse
should be alleged therein for the failure to file therewith such
original written instrument, or a copy thereof.  In this case, the
appellants did not file either the original chattel mortgage, or
a copy thereof, with the first paragraph of their answer, nor
did they allege therein any excuse whatever for their failure
to file such original instrument, or a copy thereof, with such
pleading.    We are of opinion, therefore, that the first para-
graph of answer was clearly insufficient under the code, and
that the demurrer thereto was correctly sustained.    This con-
clusion is fully supported by many decisions of this court.
*Brown* v. *State, ex rel.,* 44 Ind. 222; *Sinker, Davis & Co.* v.
*Fletcher,* 61 Ind. 276; *Anderson School Tp.* v. *Thompson,* 92.
Ind. 556.

The only other error, of which the appellants complain in
argument, is the overruling of their demurrer to the second
paragraph of appellee's reply to the second paragraph of

their answer. Substantially the same facts are stated in the second paragraph of answer as were alleged in the first paragraph, the substance of which we have heretofore given in this opinion. The same defect exists in the second paragraph of answer, which we have already held to be fatal to the sufficiency of the first paragraph. The second paragraph, like the first, was founded upon the chattel mortgage described therein, and neither the original mortgage nor a copy thereof was filed with such second paragraph, nor did the appellants allege therein any excuse for their failure to file the original or a copy with such pleading. For this cause, the second paragraph of answer was bad, and therefore it is immaterial whether the court erred or not, in overruling the demurrer to the second reply. Because, even a bad reply is good enough for a bad answer. *Ætna Ins. Co.* v. *Baker,* 71 Ind. 102.

The judgment is affirmed with costs.

Filed April 1, 1885.