Filed May 15, 1889.

No. 13,684.

HARTMAN v. RINGGENBERG ET AL.

CHATTEL MORTGAGE.—*Conversion by Mortgagee.*—*Extinguishment of Mortgage Debt.*—Where a chattel mortgagee, by virtue of a power reserved, takes possession of the mortgaged property and converts it to his own use, the mortgage debt is extinguished to the extent of the value of the property at the time of the conversion.

SAME.—*Replevin.*—*Conversion.*—*Right of Mortgagor to Have Mortgage Cancelled.*—Where a mortgagee, who has obtained possession of the mortgaged property by replevin proceedings, fails to return it upon judgment being rendered against him, and converts it to his own use, the same being of greater value than the mortgage debt, the mortgagor, in a suit to foreclose the mortgage, is entitled, by cross-complaint, to have the mortgage cancelled and the notes secured thereby adjudged satisfied.

Hartman *v.* Ringgenberg *et al.*

BILL OF EXCEPTIONS.—*Filing too Late.*—When time is given until a day named to file a bill of exceptions, a bill filed on that day is too late and does not become a part of the record.

From the Marshall Circuit Court.

*J. W. Parks* and *A. C. Capron,* for appellant.

*J. D. McLaren* and *E. C. Martindale,* for appellees.

OLDS, J.—The appellees were the owners of horses, buggies, harness and other personal property comprising a livery stock, and, on the 8th day of August, 1882, sold the same to the appellant, and as a part of the purchase-price appellant executed to the appellees his four promissory notes of that date, each for the sum of four hundred dollars, due respectively in one, two, three and four years from date; he also executed to the appellees a chattel mortgage, on the said personal property so purchased, to secure the payment of said notes. On August 14th, 1885, the appellees filed their complaint in this action against the appellant to foreclose said mortgage and for judgment on said notes. The appellant, the defendant below, filed an answer in three paragraphs. To the amended third paragraph of answer, the plaintiffs filed a demurrer for cause that said paragraph does not state facts sufficient to constitute a defence to the complaint, which demurrer was sustained and appellant reserved exceptions to the ruling and assigns the same as error.

The amended third paragraph is as follows: " The defendant, Ira C. Hartman, for amended third paragraph of answer herein, says he admits the execution of the promissory notes and chattel mortgage set up and mentioned in the complaint, but he avers that the sole and only consideration for the said notes was the purchase-price of the personal property described and mentioned in the said chattel mortgage, on that day sold and delivered by the plaintiffs to the defendant, and said chattel mortgage was executed to secure the payment of such purchase-money notes, and for no other and different consideration; and defendant says that, prior to the 12th day

of May, 1883, he paid on said notes to the plaintiffs the sum
of one hundred dollars, and as to the residue of said notes
the defendant says that, on the 12th day of May, 1883, the
said plaintiffs did, by virtue of the terms of said mortgage
and the power therein contained, and on a pretence that the
conditions of said mortgage had been broken by this de-
fendant, seize and take into their absolute possession and
take from this defendant all said personal property, being
the identical property against which a foreclosure is sought in
this action ; that said property was, at the time it was so seized
and taken by the plaintiffs, of the value of two thousand dol-
lars, and its value was largely in excess of the amount due
to plaintiffs on said notes ; and defendant avers that plaintiffs
did not proceed, in any manner, to make a legal sale of said
property, by foreclosure or otherwise, but, on the contrary,
they placed said property, which comprised and constituted
a valuable livery stock, in their barns and livery stable at
Bourbon, Indiana, and used the same continually in their
livery business, and the entire property so taken has been
converted to plaintiffs' own use. A copy of said mortgage
is herewith filed and made a part of this answer. Whereby
the defendant says that the said notes and mortgage are
wholly satisfied, and he prays judgment for his costs." A
copy of the mortgage is also set out and made a part of the
complaint.

The mortgage contains a stipulation that the mortgagor
shall use said property well and keep the same in good re-
pair, and upon failure to do so the mortgagees shall have the
right to take immediate and unconditional possession of the
same for their own use forever.

The rule, as applicable to such mortgages as the one exe-
cuted by the appellant to the appellees, is, that in case the
mortgagees take possession of the mortgaged property and
convert the same to their own use, it operates as an extin-
guishment of the mortgage debt to the extent of the value of
the property at the time it was so taken and converted by the

mortgagees. *Landon* v. *White*, 101 Ind. 249; *Lee* v. *Fox*, 113 Ind. 98.

It is averred in this paragraph of answer that the plaintiffs, the mortgagees, took absolute possession of all the mortgaged property on the 12th day of May, 1883, and have ever since retained and used the same and converted the property to their own use, and that at the time they so took the same it was of the value of two thousand dollars, an amount largely in excess of the amount due on the notes secured by the mortgage. Such a state of facts is averred as satisfied and extinguished the mortgage debt, and constituted a good defence to the complaint. The court erred in sustaining the demurrer.

The next error assigned is the sustaining of the demurrer to the defendant's cross-complaint. The cross-complaint alleged substantially the same facts stated in the third paragraph of answer, except as to the manner in which the appellees obtained possession of the mortgaged property. It is alleged in the cross-complaint that the appellees brought an action of replevin for the possession of the mortgaged property, and obtained possession by giving bond as required by law, and upon the trial of said action in replevin there was a verdict and judgment in favor of appellant, the defendant therein, which judgment was appealed from by the appellees and affirmed by this court, and that appellees retained possession of and used the property, sold parts of it, and converted all of it to their own use, and that it was of the value of two thousand dollars, an amount largely in excess of the amount due on the notes secured by the mortgage, and it asks that the notes be declared satisfied and for a cancellation of the mortgage.

In the case of *McFadden* v. *Ross*, 108 Ind. 512, it was held that when a mortgagee obtained possession of the mortgaged property by proceedings in replevin, he may show in mitigation of damages, in an action on the bond to recover the value of the property, that he holds an unpaid chattel

mortgage upon the property, unless estopped by the adjudication in the replevin suit, and that he is not so estopped by the replevin suit unless the title to the property is distinctly put in issue.   It is alleged in this cross-complaint that in the action of replevin for the possession of the property, the mortgagees' right to recover was based upon the ground that the mortgagor had failed to keep said property well and in good repair.   The action of replevin being possessory in its character, the presumption, if any would arise in the absence of any averments, would be that the title was not in issue. The mortgagor, the defendant in the replevin suit, would have the right, upon the termination of the suit in his favor, to either bring an action on the bond for damages sustained by reason of a failure of the mortgagees to return the property, or to set up the retention and conversion of the property as a defence to an action for a judgment on the note and foreclosure of the mortgage.   The cross-complaint was sufficient and the court erred in sustaining a demurrer thereto.

There are other errors assigned in overruling an application of the appellant to file an additional paragraph of answer and cross-complaint, but time was given until the fifth Friday of the March term, 1886, to file a bill of exceptions, and the bill of exceptions was presented and filed on the fifth Friday of said term.   It has been repeatedly held by this court that when time is given until a day named to file a bill of exceptions, a bill filed on the day named is not within the time fixed for the filing.   *Corbin* v. *Ketcham,* 87 Ind. 138;  *Erb* v. *Moak,* 78 Ind. 569;  *Volger* v. *Sidener,* 86 Ind. 545, 549;  *Flory* v. *Wilson,* 83 Ind. 391.   The bill of exceptions is not in the record, and no question is presented as to the ruling of the court on the application to file additional paragraphs of answer and cross-complaint. For the errors of the court in sustaining demurrers to the amended third paragraph of answer and to the cross-complaint, the judgment must be reversed.

Judgment reversed, at costs of appellees, with instructions

The Cincinnati, Indianapolis, St. Louis and Chicago R'y Co. v. Geisel.

to overrule the demurrers to the amended third paragraph of answer and to the cross-complaint, and for further proceedings not inconsistent with this opinion.

Filed May 14, 1889.