446 STEARNS *et al. v.* SWEET *et al.* [Sept. T.

Statement of the case.

## HERMAN D. STEARNS *et al.*

*v.*

## SAMUEL H. SWEET *et al.*

1. CONSTRUCTION—*of the payment of interest "to" a day.* An indorsement of the payment of interest on a promissory note to the 26th day of July, 1871, will not embrace the interest accruing on that day, but will be understood as including the interest for the time which was completed when that day commenced.

2. SAME—*words in popular sense in contracts.* In construing written contracts and writings of parties, the words used will be taken in their ordinary and popular sense.

3. EXTENSION OF TIME OF PAYMENT—*evidence.* The payment of interest on a note up to the day it is paid at a greater rate of interest than the party is legally bound to pay, without any other proof, does not show an agreement to extend the time of payment so as to release a surety.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

This was an action of assumpsit, by Samuel H. Sweet, Wesley Dempster and Charles Hutchinson, partners, against Samuel C. Stearns, Herman D. Stearns, Frank Bush and Edward Aiken, upon five promissory notes.

Samuel C. Stearns, the principal, not being found, a trial was had as against the sureties, before the court, without a

jury, resulting in a judgment in favor of the plaintiffs for $1000. The securities appealed.

Mr. C. B. GARNSEY, for the appellants.

Messrs. HILL & DIBBELL, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

Assumpsit was brought by appellees against appellants, and another, on five promissory notes executed by the latter to the former, bearing date April 5, 1870, and payable, respectively, in four, six, eight, ten and twelve months from date, for different amounts, the precise statement of which is unnecessary for the solution of the question before us. The notes, by their terms, do not require the payment of interest.

Appellants pleaded first, non assumpsit, and secondly, that they were sureties only ; that appellees were informed of that fact, and that they extended the time of payment of the notes for good consideration paid them by the principal, without the knowledge or consent of appellants. Issue was joined on the pleas, and trial had, resulting in a judgment in favor of appellees for $1000.

The only question is, does the evidence show that appellees entered into a contract with the principal in the notes, extending the time of payment, without the knowledge or consent of appellants ?

The following indorsement appears on each of the notes : " Interest paid on the within note to July 26, '71, at the rate of ten per cent per annum ;" and appellants each testifies that this was done without his knowledge or consent. Samuel C. Stearns testifies that he was the principal maker of the notes, and the appellants were his sureties; that the interest was paid at the time the indorsements on the notes were made, which he thinks was on the 26th day of July, 1871.

448      STEARNS *et al. v.* SWEET *et al.*      [Sept. T.

Opinion of the Court.

There is no other evidence tending to show a contract for an extension of time.

We do not understand the counsel as contending that the payment of interest by the principal for time past, without the knowledge or consent of the surety, will release the surety; but merely that the payment by the principal, and acceptance by appellees, of interest on the notes to July 26, '71, created a contract whereby the time of payment of the notes was extended until the last moment of that day. Taking the word "to" in its plain, ordinary and popular sense, as we are, in this instance, required to construe it, (Chitty on Contracts, 11th Am. Ed. 113,) it is clear the interest was paid only until or before the 26th inst.—that is, embracing the time which was completed when the 26th day commenced. We do not conceive the illustrations referred to by the counsel at all pertinent. But, even if it should be held "to the 26th" included the whole of that day, the evidence does not show at what moment the interest was paid; and the burden being on appellants to prove an extension, what authority is there for presuming the payment was made, in the absence of proof, at one particular moment more than another? Why not presume it was made at the last possible moment of that day, when no time was left to which the contract could be extended on that day?

There is, to our apprehension, an utter failure in the evidence to sustain the theory of appellants. Had it been designed, by the payment of interest, to extend the time of payment of the notes, surely, it must have been known to the principal who made the payment. He does not pretend there was such a contract, nor was it attempted to be proved by him there was.

The judgment is right, and must be affirmed.

*Judgment affirmed.*