BARRETT B. CLARK

*v.*

A. T. EWING.*

DEFAULT—*rule to plead on a day, construed.* Where time to plead is, by rule, extended *to* a specified day, a default for want of a plea may be taken on that day. The defendant does not have the whole of such day in which to plead. The words, "to that day," mean until the meeting of the court on that day.

---

* Two other cases, between the same parties, are considered in this opinion.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH MCROBERTS, Judge, presiding.

Messrs. BARBER & LOGAN, for the appellant.

Messrs. PALMER & COLT, for the appellee.

Per CURIAM: These cases are alike, the same questions being presented in all the records.

Appellant, in each case, insists that the judgment by default was entered before the time to plead, fixed by order of the court, had expired, and was, therefore, irregular. He also claims that, if the default was regular, the court ought to have set the same aside, upon the affidavits filed.

The time to plead was, by order of the court, extended "to the third Monday of July," 1875. On that day, default, for want of plea, was entered, the damages assessed and final judgment rendered. Appellant insists that he had, by the terms of the rule, the whole of the third Monday of July in which to plead. This court can not. sanction that position, but hold that it was not irregular to take default at any time on that day for want of the plea. The term "to" that day must be construed to mean until the meeting of the court upon that day.

As to the second point, we hold that due diligence to obviate the default is not shown by defendant, in either of these cases.

The judgment in each of the cases must be affirmed.

*Judgments affirmed.*

Mr. JUSTICE SCOTT and Mr. JUSTICE DICKEY, dissenting:

We think these judgments ought to be reversed. Without discussing the merits of the cases, it is apparent to us that the defendant could not lawfully be defaulted for want of a plea at the time when these defaults were entered.

The statute provides that, "on the appearance of the defendant, the court may allow such time to plead as may be deemed reasonable and necessary." In this case, "time to

plead" was allowed to defendant (as it is expressed in one, record) "*till* the third Monday of July, 1875," or, (as it is expressed in the other records,) "*to* the third Monday of July, 1875." The words, "till" and "to," in this connection, mean the same thing, and the order means that defendant may plead on or before that day. Under that order, the defendant was entitled to plead at any time during that day. He had, by the terms of that order, all of the third Monday of July within which to plead, and it was error to enter a default against him, for want of a plea, until after that day had passed.

In *Dunn* v. *Hudson*, 1 D. & L. 204, where a rule was entered on the 6th of June for "plea in four days," it was held, that defendant had the whole of the 10th of June to plead, and that judgment entered on that day for want of a plea was irregular.

In *Pepperill* v. *Burrell*, 2 D. P. C. 674, it was held, that "seven days' time for pleading" gives the whole of the seventh day to plead in, after excluding the day on which the order is made.

In *Oxley* v. *Bridges*, 1 Doug. 67, it was held, that on a rule to plead "by" a particular day, *that day* is construed to continue till the office opens next morning.

In *Thomas* v. *Douglass*, 2 Johns. Cases, 226, an order was made enlarging the time to plead "until the second day" of the term. Judgment by default, for want of a plea, was entered on the second day of the term. This was held irregular by the Supreme Court of New York, (Kent being, at that time, one of the judges,) and the judgment was set aside. The court said: "The defendant had time to plead until the second day of the term, and the order must be construed as including that day."

So it has been held, that, where the time for the making of an award by an arbitrator is enlarged until a given day, the time given *includes* the day named.

In *Bruce* v. *Reed*, 16 Barb. 352, the court say: "It has been decided that '*till*' includes the day to which it is pre-

fixed;" and in support thereof, refers to *Dakins* v. *Wagner*, 3 Dowl. P. C. 535.

It is true, the words, "until," "till," and "to," when applied to time, do not *always* include the day to which they are prefixed. In *Webster* v. *French*, 12 Ill. 302, under a statute providing that bids from all persons should be received "until the 1st day of July, 1849, at which time all the bids received shall be opened and compared," etc., it was held, that the time for receiving bids terminated when that day began. The statute required the bids to be opened and compared on the 1st of July. That could not be done until after all bids had been received. In view of the language in other parts of the sentence, and in view of the "objects of the statute and the nature of the transaction contemplated," the court very properly gave a construction to the word "until," other than the ordinary import of the word. This court there said: "The word 'until' may   *   *   * have an exclusive or an inclusive meaning, according to the subject to which it is applied, the nature of the transaction to which it relates and the connection in which it is used."

The case at bar is not analogous to the case of *Webster* v. *French, supra.* It is one thing to say that certain things may continue to be done until a given day, and quite another to say that the time at which a given thing must be done is extended or postponed until a given day. Suppose the time of a public sale be extended or postponed until the 1st day of July, does that mean it must take place before the 1st of July?

In the case of that statute as to the time of receiving bids, the word "before" might readily be substituted without marring the sense. To say, "bids shall be received at any time before the 1st of July, at which time all bids shall be opened," gives the same idea as if you say, "bids may be received until the 1st of July, at which time all bids shall be opened." But to say, "the rule to plead herein is extended till (or to) any time before the third Monday of July," does not convey the idea expressed by the words, "the rule to plead herein is ex-

tended till (or to) the third Monday of July." If the words were, the rule, etc., " is extended till the third Monday of July, on which day judgment will be entered, in the absence of a plea," the case would be analogous to the case of *Webster* v. *French.*