MEADS C. PUGH *et al.*

*v.*

JAMES L. REAT.

*Filed at Springfield October 1, 1883.*

1. NEW TRIAL—*in ejectment, under the statute—motion for must be within one year, and all costs paid.* A plaintiff in ejectment recovered judgment on April 12, 1882, and on May 4, 1882, the defendants paid all costs up to that time. On March 9, 1883, the plaintiff sued out a writ of possession, making thereby one dollar additional costs, of which the defendants

had notice. On April 13, 1883, the defendants for the first time entered a motion to vacate the judgment, and for a new trial, under the statute, without having paid these additional costs. The court overruled the motion: *Held*, that the motion was properly overruled, for two reasons,—the failure to pay all costs, and to make the application within one year after the judgment.

2. Time—*mode of computing.* The proper mode of computing time, where an act is to be performed within a particular period from or after a specified day, is to exclude the day named and include the day on which the act is to be done.

Appeal from the Circuit Court of Douglas county; the Hon. C. B. Smith, Judge, presiding.

Messrs. Brooks & McPherson, for the appellants.

Mr. Thomas H. Macoughtry, for the appellee.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

This was an action of ejectment, wherein judgment was rendered for the plaintiff on April 12, 1882. On May 4, 1882, defendants paid all the costs which had then accrued in the case. On the 9th of March, 1883, a writ of possession was issued, the costs of issuing which amounted to the sum of one dollar. On April 6, 1883, defendants' attorney requested the clerk of the circuit court in which the judgment was rendered to place the cause upon the docket of the court, at which time the clerk informed him that since the payment of costs as aforesaid the plaintiff had caused a writ of possession to issue in the case, thereby making additional costs in the suit. The costs of this writ of possession were never paid. On the 13th day of April, 1883, being the fifth day of the April term of the circuit court. the defendants made a motion for a new trial in the case, which motion the court overruled. No motion to vacate the judgment or to grant a new trial had previously been made to the court, or filed in vacation. From the order overruling said motion this appeal is taken.

The statutory provision under which the new trial was claimed in this case is as follows: "At any time within one year after a judgment, either upon default or verdict, in the action of ejectment, the party against whom it is rendered, his heirs or assigns, upon the payment of all costs recovered therein, shall be entitled to have the judgment vacated and a new trial granted in the cause." There was here failure of compliance by the defendants with either one of the two conditions which alone entitled them to have the judgment vacated and a new trial granted, viz: the payment of the costs, and application for vacation of the judgment and granting, a new trial within one year after the judgment. The costs of the writ of possession were not paid; they were a part of the costs recovered in the suit; they had accrued, and the defendants had been informed thereof previous to the motion for a new trial, and they should have paid the same to entitle them to a grant of the motion. The judgment having been rendered on April 12, 1882, and the motion for a new trial not having been made until on April 13, 1883, the motion was not made within one year after the judgment.

In *Ewing* v. *Bailey,* 4 Scam. 420, this court laid down the rule that the proper mode of computing time, when an act is to be performed within a particular period from or after a specified day, is to exclude the day named and include the day on which the act is to be done. This was laid down and applied in respect to the time of filing in the office of the clerk of the circuit court an appeal bond taken by a justice of the peace, the statute requiring the bond to be filed *within twenty days after the approval of the bond.* In computing the time the court say: "The day on which the appeal bond was executed was to be excluded in the computation of the twenty days." This rule has ever since been followed by this court. See *People* v. *Hatch,* 33 Ill. 14; *Roan* v. *Rohrer,* 72 id. 582; *Protection Life Ins. Co.* v. *Palmer,* 81 id. 88.

The judgment having been rendered on the 12th day of April, 1882, the one year after the judgment commenced to run on the 13th of April, 1882, and was completed on the 12th day of April, 1883. The motion for a new trial not having been made or filed until on the 13th of April, 1883, it was not made within one year after the judgment, and so not within the time limited by the statute. The circuit court rightly overruled the motion for a new trial, and the judgment is affirmed.

*Judgment affirmed.*