THE VILLAGE OF FRANKLIN PARK, Appellee,

*v.*

LESSER FRANKLIN *et al.*, Appellants.

*Opinion announced orally October 15, 1907.*

1. BILL OF EXCEPTIONS—*bill of exceptions must be taken at the term when rulings excepted to were made.* In cases at law the bill of exceptions must be taken at the term at which the rulings excepted to were made, or within such time as the court may at that term have granted for that purpose; and this applies whether the ruling excepted to is a final and appealable order or not.

2. SPECIAL ASSESSMENTS—*when bill of exceptions must be taken to rulings on objections to confirmation.* A bill of exceptions to the ruling of the court upon a hearing of legal objections to a special assessment must be taken at the term at which such ruling is made, unless the court at that term extends the time in which a bill may be signed and sealed, in which case it must be prepared and sealed within the extended time; and a bill taken at a subsequent term, when the court heard the case on the question of benefits, will be stricken from the record.

APPEAL from the County Court of Cook county; the Hon. W. L. POND, Judge, presiding.

WILLIAM K. LOWREY, and WILLIAM M. PINDELL, (NEWMAN, NORTHRUP, LEVINSON & BECKER, of counsel,) for appellants.

ROSS C. HALL, (WILLIAM H. HOLLY, and WILLIAM J. DONLIN, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT announced the opinion of the court:

In this case the village of Franklin Park is the appellee, and it has entered a motion to expunge from the bill of exceptions that portion between pages 1 and 303. The ground of that motion is, that at the May term of the county court of Cook county the court heard what are termed "legal

objections" to a special assessment, and on the 25th of May overruled the objections; that no bill of exceptions was taken at that term, and that the time was not extended by the court for the purpose of presenting and settling a bill of exceptions. The case was afterwards tried upon the question of benefits, at the June term, and then the final judgment confirming the assessment was entered and the bill of exceptions was filed in September, in accordance with an extension of time for that purpose. This bill of exceptions includes the proceedings upon the hearing of the legal objections at the May term, and under repeated decisions of this court the bill of exceptions must be taken at the term, or the time for settling it must be extended by the court. A bill of exceptions, on its face, purports to be taken at the time of the ruling excepted to, but by long established practice in this State the court is authorized to extend the time for the convenience of counsel, and if the time is extended the bill of exceptions may be signed and sealed within the time so extended.

The only ground upon which it is insisted that this bill of exceptions could be signed and sealed in September when the time was not extended at the May term is, that the order overruling the legal objections was not a final and appealable order. But that does not create any exception to the general rule. The statute contemplates, and in fact provides, that the hearing of these cases shall be conducted as other cases at law, and the same rule must apply that applies in all other cases. Motions may be made and acted on in relation to process, to pleadings, or to almost any conceivable thing, in the course of legal proceedings, and the fact that the rulings cannot be appealed from and are not final in the case does not affect the question when the bill of exceptions must be taken.

The motion must be sustained, and that portion of the bill of exceptions from pages 1 to 303 is expunged.

*Motion allowed.*