(No. 18636.—

THE TAYLORVILLE SANITARY DISTRICT, Appellee, *vs.*
OTIS NELSON *et al.* Appellants.

*Opinion filed April 20, 1929.*

LESLIE J. TAYLOR, E. E. ADAMS, GUY L. SMITH, and
C. E. FLESHER, for appellants.

J. E. HOGAN, H. B. HERSHEY, and PROVINE & WIL-
LIAMS, for appellee.

Mr. COMMISSIONER CROW reported this opinion:

This is an appeal from a judgment rendered by the county court of Christian county involving a special assessment to pay the cost of an outlet sewer system in the Taylorville Sanitary District.

The proceedings were filed to the April probate term, 1927. Various preliminary steps were taken during the April, May and June terms, and Judge Vogelsang, judge of the county court of Christian county, being disqualified to act, Judge Irwin, judge of the county court of Sangamon county, at the June term heard the pending objections and all the evidence for and against the objections interposed which are included in the record from pages 260 to 1150, inclusive, and pages 43 to 202, inclusive, of the abstract in this case. At the July term, on July 20, all legal objections of each and every objector were overruled by Judge Irwin, to which ruling of the court each and all of the objectors severally excepted. This was the last order entered by Judge Irwin. No bill of exceptions containing the proceedings of the June or July term was presented to him and no order was entered by him extending the time for its presentation and signature. The July term expired by operation of law on July 31, and the August term began on the first Monday of August by the terms of the statute and as shown by the *placita*. From that time to the termination of the case Judge Vogelsang presided and heard all the evidence, motions and other proceedings and entered all orders relative to the question of benefits and proper apportionment of assessments, part of the trials being by jury and another part submitted to the court by agreement. At the August term, on August 12, Judge Vogelsang entered the following among other orders: "All objectors except to the rulings of Judge Oramel B. Irwin and the present presiding judge, and pray a bill of exceptions covering all proceedings from the filing of the petitions to the present

date. Said motion allowed, bill of exceptions to be presented within and filed October 1, 1927, and petitioner excepts." Judgment of confirmation was entered on September 23, 1927. Defendants then prayed and were allowed an appeal, the order reading: "And the objectors severally except to the several orders of the court entered in said cause and except to the entry of judgment in said cause, and pray an appeal to the Supreme Court of the State of Illinois, which said appeal is allowed upon said objectors, and each of them jointly and severally, or any or either, or any number of them, entering into bond in the sum of $1500, with security to be approved by the clerk of this court, bond to be filed within forty days and bill of exceptions within sixty days." At the October term a motion was filed for an extension of time to file the appeal bond, and an order was entered extending "time to file the bond to November 14, 1927." The bond was filed November 14 and approved by the clerk of the court. On December 8, 1927, a bill of exceptions was presented to Judge Irwin but was not then signed. On January 16, 1928, it was presented to him for his signature, and over objections of appellee he then signed it. It was filed as of December 6 and is incorporated as a part of the record in this case.

Two motions were filed by appellee in this court and were taken with the case. One is to dismiss the appeal because the appeal bond was not filed and approved within the time fixed by the court. The other is to expunge and strike from the record all that part of the bill of exceptions signed by Judge Irwin and which appears in the record from pages 260 to 1150, inclusive, and in the abstract from pages 43 to 202, inclusive, and to strike from the common law record matter appearing on pages 134 to 180, being all of the legal objections in said cause, together with the names of the objectors and descriptions of the property, for the reason that said objections are no part of the common law record and can only become a part of the record by bill

of exceptions; also page 186, which embraces additional objections and subject to the same objection to incorporation in the common law record; also pages 257 to 260, as contained in suggestions presented with the motion.

No bill of exceptions having been signed by Judge Irwin at the June term of the court, at which he presided and heard the evidence, and no time for settling and signing it having been fixed extending the time beyond the term, he had no authority to sign it. The bill of exceptions in the record includes the evidence and proceedings upon the hearing of the legal objections at the June term, and under the repeated decisions of this court the bill of exceptions must be taken at the term or the time for settling it must be extended by the court. A bill of exceptions on its face purports to be taken at the time the ruling is excepted to, but by long established practice in this State the court is authorized to extend the time for the convenience of counsel, and if the time is extended the bill of exceptions may be signed and sealed within the time extended. The statute contemplates, and in fact provides, that the hearing of these cases shall be conducted as other cases at law and the same rule must apply that applies in all other cases. (*Village of Franklin Park* v. *Franklin,* 228 Ill. 591.) A bill of exceptions might have been settled and signed by Judge Irwin at the June term of the court, over which he presided, or he might have saved the rights of the parties to have it signed later by entering an order at that term for an extension of time, but that was not done, and neither he nor Judge Vogelsang had any authority to extend it at a subsequent term. (*Richter* v. *Chicago and Erie Railroad Co.* 273 Ill. 625; *Village of Marseilles* v. *Howland,* 136 id. 81.) The time for presenting and filing a bill of exceptions can be extended only when the order is made before the right to the bill has expired. Where different parts of a case are heard by two judges each must authenticate the pro-

ceedings by bill of exceptions as to those matters heard by him. The motion to strike the bill of exceptions is allowed.

The bond for appeal was not filed within the time allowed by the court. The right of appeal being purely statutory, the statute granting it must be strictly complied with. (*Hill* v. *City of Chicago,* 218 Ill. 178; *City of Momence* v. *Kirby,* 315 id. 138; *City of Pekin* v. *Wetzel,* 246 id. 493; *Wormley* v. *Wormley,* 96 id. 129.) The time for filing the appeal bond was not extended "to and including" November 14, and the order was not that it be filed on or before a specified day, as such orders are sometimes made. As this court said in *Stearns* v. *Sweet,* 78 Ill. 446: "Taking the word 'to' in its plain, ordinary and popular sense, as we are in this instance required to construe it, it is clear the interest was paid only until or before the 26th inst.— that is, embracing the time which was completed when the 26th day commenced." The question involved was whether interest had been paid, operating as an extension of time, to the detriment of the sureties. The credit on each note read: "Interest paid on the within note to July 26, '71." In *Webster* v. *French,* 12 Ill. 302, a statute required that "bids shall be received until the first day of July, 1849, at which time the bids shall be opened." It was held that the word "until" was a word of exclusion and excluded the right to receive bids after June 30. It was said: "Before the first of July and until the first of July convey nearly, if not precisely, the same meaning." By way of re-enforcement of the argument Judge Caton said that bids were invited until a given time but after that time none were authorized. Had no bids been filed before the first day of July the power of the Governor to sell would have been gone. All bids were required to be in before that time. In *Clark* v. *Ewing,* 87 Ill. 344, time to plead was extended by order of court to the third Monday of July. Default for want of a plea was entered on that day, damages assessed and final judgment rendered. It was held *to* that day must be con-

strued to mean, for the purpose of pleading, *until* the meeting of the court on that day, and that it did not include the whole of the day.

Counsel for appellee have cited a number of cases in support of their contention. The case of *Maynes* v. *Gray,* 69 Kan. 49, well illustrates the rule. In that case plaintiff in error was allowed time to March 15 to "serve a case" for the Supreme Court under the Practice act of Kansas. It was served on March 15. The court held, on an extended review of decided cases and citation of other authorities: "The word *to,* as used in the order of extension for serving a case, expired at twelve o'clock midnight, March 14." The case was dismissed. In *Heal* v. *State,* 40 So. 571, (reported as a memorandum decision in 147 Ala.) the Supreme Court held that time for a bill of exceptions extended until December 22 expired at midnight, December 21. The rule is sustained by *Hartman* v. *Ringgenberg,* 119 Ind. 72, *Corbin* v. *Ketcham,* 87 id. 134, and *Erb* v. *Monk,* 78 id. 569. In the last case the time for filing a bill of exceptions was extended "until the second day of the next term." On the second day of the term the judge signed the bill. The Supreme Court said: "*On* the second day is not included in *until* the second day, and the bill was filed one day too late. In order to be properly in the record the bill must be filed within the time fixed by the court." The Century Dictionary and Webster's New International Dictionary classify the words "to," "till" and "until" as terms of exclusion of a day to, till or until which an act may be performed. No decided case or other authoritative statement of the rule has been found to the contrary.

Appellants invoke the statutory rule that the time within which an act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday, and then it shall also be excluded. This seems to be the common law rule, but it has no application to the computation of time in this case. It

is only applicable where an act is to be performed within a period from or after a specified day. (*Pugh* v. *Reat*, 107 Ill. 440; *Roan* v. *Rohrer*, 72 id. 582; 38 Cyc. 317.) If the extension of time for a bill of exceptions had been expressed in the same terms as the original order allowing the bill the principle of interpretation might be pertinent. The appeal was not perfected by filing the bond within the time allowed.

The appeal is dismissed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Appeal dismissed.*