**The People of the State of Illinois, Defendant in Error, v. John Wang and D. Webb, Plaintiffs in Error.**

**Gen. No. 8,779.**

Opinion filed June 15, 1934.

C. VICTOR CARDOSE, for plaintiffs in error.

A. H. GREENING, State's Attorney, and THOMAS W. HOOPES, Assistant State's Attorney, for defendant in error.

MR. JUSTICE FULTON delivered the opinion of the court.

Plaintiffs in error were tried and convicted in the county court of Sangamon county on March 8, 1933, for carrying concealed weapons. Motions to set aside the verdict, for a new trial and in arrest of judgment were all denied on the same date and plaintiff in error Webb was sentenced to the State Farm at Vandalia for the period of one year and fined $300 and costs. Plaintiff in error Wang was on the same date sentenced to the State Farm at Vandalia for the period of eight months and fined the sum of $300.

The case comes to this court on writ of error and all of the errors relied on and argued by plaintiffs in error were predicated upon matters which could only be shown by a bill of exceptions. The case was tried at the February term, 1933 of Sangamon county court and motions to set aside verdict for new trial and in arrest of judgment were all made and disposed of at that term. No application was made for a bill of exceptions during the term at which judgment was entered and no order was entered by the court during that term granting a bill of exceptions and fixing the time within which the same should be presented and signed. No order was entered in the case during the April term of said court but on June 8, 1933, after the beginning of the June term, a so-called bill of exceptions was signed by the trial judge.

Because of these facts the defendant in error filed its motion in this court on December 26, 1933, asking that the said bill of exceptions be stricken from the record, which motion was granted and an order causing the same to be stricken entered on January 2, 1934.

With the record before us containing no order at the March term, 1933, in reference to a bill of exceptions, the trial court at a subsequent term was without jurisdiction to sign the same. This situation has often

been before the reviewing courts of our State and the principle above stated repeatedly announced. In *Hake v. Strubel,* 121 Ill. 321, the court said, "The duty imposed by the law upon the party alleging an exception and desiring to have the erroneous ruling and judgment reviewed in an Appellate Court to present his bill to the trial judge for settlement and allowance, signature and sealing, at the term when such alleged erroneous ruling or judgment was made, or within such time as the parties, by their agreement, made part of the record, might stipulate or within the time allowed by the court in its order to that effect appearing in the record, has been often affirmed by this court."

Where no time is fixed the bill of exceptions must be signed and filed within the term at which judgment is rendered. *Guyer v. Davenport, R. I. & N. W. Ry. Co.,* 196 Ill. 370.

A bill of exceptions must be presented and filed at the same term of court at which the exceptions were taken unless an order is entered at said term extending the time. *Taylorville Sanitary Dist. v. Nelson,* 334 Ill. 510.

The entire brief and argument of the plaintiffs in error being directed only to matters that can only be shown by a bill of exceptions, and it being clearly shown that this court properly granted a motion to strike the bill of exceptions from the record, there is nothing left for this court to consider and the judgment of the lower court is therefore affirmed.

*Affirmed.*