MARJORIE H. FRITZEN, Plaintiff-Appellant, *v.* CONCORD LIFE INSURANCE COMPANY, Defendant-Appellee.

(No. 11255;

Fourth District—March 11, 1971.

*Rehearing denied April 7, 1971.*

Summers, Watson & Kimpel, of Champaign, for appellant.

Hayes & Moore and Hatch, Corazza, Baker & Jensen, both of Champaign, (Harold A. Baker and Timothy O. Madigan, of counsel,) for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiff brought action as beneficiary of an insurance policy to recover for the accidental death of her son. The trial court entered judgment for defendant. Plaintiff appeals.

Defendant issued a "master policy" to a retail business and plaintiff was insured as a holder of a credit card furnished by such business. The issues arise as to the construction of the following provision:

" 'Insured Person' wherever used herein shall include the Insured and the Insured dependents."

*"Part VII Individuals Insurance Provisions Eligible Status.* Each person registered with the Holder as an approved Credit Card holder and his eligible dependents are eligible for coverage under the policy if their permanent resident address at the time of application for insurance is the United States of America. Eligible dependents means the spouse of such person and the natural born or adopted children of such person or of the spouse of such person who are between the ages of fourteen days and nineteen years inclusive (to age 23 if attending school on a full time basis)."

It is agreed that the deceased son was attending college and that he had passed his twenty-third birthday.

The trial court found that the language:

"* * * to age 23 if attending school on a full time basis * * *"

provided coverage on the son only to age twenty-three, and that such coverage did not extend into the twenty-fourth year.

Plaintiff recognizes that as first phrased, the coverage, "between the ages of fourteen days and nineteen years" specifies the respective termini of the period of coverage. Black's Law Dictionary defines the word "between" with the statement, "If an act is to be done 'between' two certain days, it must be performed before the commencemnt of the latter date". As to this policy, it takes the enlarging modification provided by

the word "inclusive" to extend the period of coverage beyond the nineteenth birthday, as plaintiff agrees.

■■ It seems to be plaintiff's argument that the word, "inclusive" having been used in the phrase, "between * * * and 19 years inclusive", it must also be inserted in the phrase, "to age 23". Such is not the plain meaning of the language.

In *Domke v. McCue*, 110 Ill.App.2d 1, 249 N.E.2d 287, the court considered a will wherein the testator expressly referred to "articles first to sixteenth inclusive" and "three to fifteen inclusive", together with a subsequent provision which used simply the words, "Paragraphs 1 to 13". It was held that under the last provision, the paragraph designated "13" was excluded. It was said that in forbearing to employ the word "inclusive" a different meaning was intended by the testator, and that the provision meant what was said.

The word "to" is a word of "exclusion, unless, by necessary implication, it is manifestly used in a different sense". (86 C.J.S. 909). In *Black's Law Dictionary*, it is said that the word "to" is ordinarily a word of exclusion. In *Webster's Seventh New Collegiate Dictionary*, the word "to" is said to be a "function word to indicate the place or point that is the far limit", and also "a function word to indicate a determined condition or end". In *The Shorter Oxford English Dictionary*, the word "to" is discussed as expressing a relation in time and is said to indicate a final limit in time or the end of a period, and as synonymous with "till" and "until".

■■ Where a contract provides that it extends to a certain date, the word "to" means "till", and excludes the day following it as a part of the contract. (34 ILP 343, *Time*, par. 7.) In *Taylorville Sanitary Dist. v. Nelson*, 334 Ill. 510, p. 515, 166 N.E. 60, the court adopted the language that the words, "to", "till" and "until" are words of exclusion to a day to, till or until which an act may be performed. The court pointed out the contrast in meaning between the words "to" and "to and including". In *Stearns v. Sweet*, 78 Ill. 446, the court said:

"Taking the word 'to' in its plain, ordinary and popular sense * * * it is clear the interest was paid only until or before the 26th inst.—that is embracing the time which was completed when the 26th day commenced."

Plaintiff urges that her construction is supported by the opinion in *Brandenburg v. Buda Co.*, 299 Ill. 133, 132 N.E. 514. That opinion announces the rule that the word "to" ordinarily means "until" and excludes the day following it as part of the contract. There, however, the contract was to take effect from its date and to continue "to July 1, 1916". The court held that July 1, was to be the last day of the contract, noting

that other provisions of the contract stated that "* * * all periods of years end July 1". Such construction is an example of the common law rule of excluding the first day and including the last day which is said to be applicable where an act is to be performed within a period from or after a specified date. *Taylorville Sanitary Dist. v. Nelson*, 334 Ill. 510, 166 N.E. 60.

Plaintiff cites no cases which employ her argued construction to include the period of a year. The thesis contended for would seem, at most, to extend the coverage from the day of the twenty-third birthday. The authorities cited do not authorize construing the words "to age 23" to extend coverage to the twenty-fourth birthday.

■ Plaintiff assumes as a premise that the policy was obviously designed to provide coverage to the son "as long as he remained in school" or "to provide coverage on the son through college". Apart from the argument, such is not necessarily apparent. If we were to accept such premises as indicative of intent, it would be unnecessary to insert an upper age limit, but simply to provide coverage of a dependent where in school or college. We are constrained to take plain language for its plain meaning and not employ a unilateral assertion of intent to find an ambiguity not otherwise apparent.

The judgment is affirmed.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.